IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:95-cr-264-M (7) |
| ANTHONY HARRISON BELL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### Background

Defendant Anthony Harrison Bell pleaded guilty over 20 years ago and has been

in custody for more than two years since he was ordered detained pending sentencing.

*See, e.g.*, Dkt. Nos. 912, 915, 918, & 922.

Defendant previously, on February 16, 2016, filed a *pro se* Motion to Dismiss

Counsel [Dkt. No. 953] and a *pro se* Motion to Appoint Counsel [Dkt. No. 954]. Then-

Chief Judge Jorge A. Solis referred both motions to the undersigned United States

magistrate judge for hearing and determination. *See* Dkt. No. 960. Taken together,

Defendant's *pro se* motions asked the Court to grant leave for his retained counsel John

R. Teakell – who had previously replaced Defendant's prior retained counsel, Jeff

Kearney – to withdraw and to appoint Defendant new counsel. These motions were

terminated as moot on March 31 and April 1, 2016 when Judge Solis granted a later-

filed unopposed motion to substitute counsel [Dkt. No. 963] and ordered that Jeremy

B. Gordon be substituted as newly retained counsel for Defendant. *See* Dkt. Nos. 964,

965, & 967. The Court also continued Defendant's sentencing hearing from April 6,

2016 to July 5, 2016. *See* Dkt. No. 967 at 1.

After the case was reassigned to Chief Judge Barbara M. G. Lynn on May 9, 2016 and the sentencing hearing was rescheduled multiple times – and is now set for September 21, 2016 – Defendant's retained counsel Mr. Gordon and Zachary Newland filed an Unopposed Motion for Leave to Withdraw as Counsel of Record on September 1, 2016. *See* Dkt. No. 986 (the "Motion to Withdraw"). Defendant also filed a *pro se* motion requesting appointment of substitute counsel on September 12, 2016. *See* Dkt. No. 990 (the "Motion to Appoint Counsel"). Judge Lynn referred both motions to the undersigned for determination. *See* Dkt. Nos. 987 & 991.

In the Motion to Withdraw, Defendant's counsel reports that, "[o]n August 30, 2016, the undersigned received a phone call from Mr. Bell indicating that he no longer wished for the undersigned to represent him in this matter"; that, "[l]ater that same day, the undersigned received an e-mail from Mr. Bell stating, 'consider this your notice to cease representing me. I will find alternate counsel'"; that "[t]he undersigned believes Mr. Bell has a right to counsel of choice consistent with the rationale underlying *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006)"; and that, "[a]ccordingly, the undersigned requests leave to withdraw as counsel of record in this matter." Dkt. No. 986 at 1. The government is unopposed to this motion. *See id.* at 3.

In the Motion to Appoint Counsel, Defendant explains that he is writing to inform the Court of his "termination of current paid legal counsel (Zach Newland of Jeremy Gordon's office) due to irreconcilable differences in defense strategy"; that he has "lost confidence in his ability to construct a meaningful and vigorous defense"; and

that he is "respectfully requesting appointment of counsel that the court holds in highest esteem having the legal acumen and depth and breadth of experience to handle a peculiar drug case such as mine that revolves around aviation." Dkt. No. 990 at 1.

A few days later, on the morning of the hearing set on the Motion to Withdraw, attorney Douglas C. Greene filed a Motion to Substitute Counsel (the "Motion to Substitute"), asking to enter his appearance as attorney of record in the above matter and to allow Defendant's prior attorney Zachary L Newland to be withdrawn in this matter because Mr. Greene "was recently retained in the above matter by the defendant through his family"; that Defendant "through his family retained the undersigned to handle sentencing in the above matter"; that, "[a]lthough counsel recognizes that the majority if not all of the matters in preparation for sentencing have been already completed, Counsel could not dissuade the defendant from retaining the undersigned to represent him at sentencing which has prompted the filing of this motion"; and that Mr. Greene "has recently spoken with the defendant at Seagoville FCI and he acknowledges and agrees with this motion and wishes that it would granted." Dkt. No. 993 at 1, 2. Judge Lynn has also referred the Motion to Substitute to the undersigned for determination. *See* Dkt. No. 994.

The Court held a hearing on September 16, 2016, and Defendant appeared personally along with Mr. Gordon, Mr. Newland, Mr. Greene, and the government's counsel. *See* Dkt. No. 995.

For the reasons and to the extent explained below, the Court GRANTS the Unopposed Motion for Leave to Withdraw as Counsel of Record [Dkt. No. 986] and the

Motion to Appoint Counsel [Dkt. No. 990] and DENIES the Motion to Substitute Counsel [Dkt. No. 993].

## Legal Standards

As a general matter, "[a]n attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir.1989). The withdrawing attorney bears the burden of specifying and proving the existence of good cause for withdrawal. *See United States v. Austin*, 812 F.3d 453, 456 (5th Cir. 2016) (citing *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996); *Wynn*, 889 F.3d at 646). A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. The decision whether to grant an attorney's motion to withdraw is entrusted to the sound discretion of the district court. *See Wynn*, 889 F.2d at 646.

Unless there is a demonstrated conflict of interest, or counsel and defendant are embroiled in an irreconcilable conflict that is so great that it results in a total lack of communication preventing an adequate defense, there is no abuse of discretion in denying a motion to withdraw. *See Wild*, 92 F.3d at 307. "If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where, as here, an attorney seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).

"Even where good cause for withdrawal exists, it is 'incumbent on the court to

-4-

assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Id.* at *3 (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)). "This requires the court to consider certain additional factors before allowing an attorney to withdraw. Those additional factors include: (1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *Id.* (citations omitted).

The United States Court of Appeals for the Fifth Circuit has "repeatedly cautioned that trial courts must necessarily be wary of last minute requests to change counsel lest they impede the prompt and efficient administration of justice." *McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985) (internal quotation marks omitted).

"Although an indigent defendant has a Sixth Amendment right to be represented by counsel in his criminal proceedings, he is not entitled to demand a different appointed counsel in the absence of showing good cause." *United States v. Contreras*, 558 F. App'x 400, 401 (5th Cir. 2014); *see also United States v. Young*, 482 F.2d 993, 995 (5th Cir. 1973) ("Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause. Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an

indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court." (citation omitted)); *cf.* 18 U.S.C. § 3006A(c) ("The United States magistrate judge or the court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings.").

In the context of appointed counsel, the Court "is constitutionally required to provide substitute counsel only if there is a substantial conflict or problem affecting the ability to represent the defendant," that is, a showing of conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. *United States v. Mitchell*, 709 F.3d 436, 441 (5th Cir. 2013). A communication breakdown caused by a defendant's unwillingness to cooperate or communicate with his attorneys generally does not justify appointment of new counsel. *See, e.g.*, *United States v. Simpson*, 645 F.3d 300, 307-08 (5th Cir. 2011). Neither is appointment of new counsel generally required where counsel continues to meet and communicate with a defendant whose complaints relate mainly to disagreement with counsel's trial strategy or who might, if he were an attorney or representing himself, prepare and try the case differently. *See, e.g.*, *United States v. Romans*, 823 F.3d 299, 312-13 (5th Cir. 2016); *United States v. Hernandez*, 502 F. App'x 363, 367 (5th Cir. 2012). As the United States Court of Appeals for the Fifth Circuit has explained,

> [a] defendant is entitled to counsel capable of rendering competent, meaningful assistance in the preparation and trial of the pending charges, including appropriate evaluation and advice with reference to a plea of guilty. A defendant is not entitled to an attorney who agrees with the defendant's personal view of the prevailing law or the equities of the

prosecutor's case. A defendant is entitled to an attorney who will consider the defendant's views and seek to accommodate all reasonable requests with respect to trial preparation and trial tactics. A defendant is entitled to appointment of an attorney with whom he can communicate reasonably, but has no right to an attorney who will docilely do as he is told. Every defendant is entitled to the assistance of counsel dedicated to the proposition, and capable of assuring that, the prosecution's case shall be presented in conformity with the Constitution, rules of evidence and all other controlling rules and practices. No defendant has a right to more.

*United States v. Moore*, 706 F.2d 538, 540 (5th Cir. 1983).

And, even where a defendant requests to retain counsel to substitute for an appointed counsel, "[t]he freedom to have counsel of one's own choosing may not be used for purposes of delay," and "[l]ast minute requests are disfavored." *United States v. Silva*, 611 F.2d 78, 79 (5th Cir.1980); *accord United States v. Contreras*, 558 F. App'x 400, 401 (5th Cir. 2014) ("Even if a defendant is seeking to substitute a retained counsel, the court must balance the right to counsel of one's choice against the need for fairness and the demands of the court's calendar." (citing *United States v. Jones*, 733 F.3d 574, 586-87 (5th Cir. 2013)).

In the Motion to Withdraw, Defendant's counsel invokes the Supreme Court's decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), in which the Court explained that "[t]he Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence'"; that "an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him"; that "the Sixth Amendment guarantees a defendant the right to be represented by an otherwise qualified attorney

whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds"; but that "the right to counsel of choice is circumscribed in several important respects." 548 U.S. at 144 (internal quotation marks omitted).

The Court described the nature of a defendant's choice of retained counsel:

> The right to select counsel of one's choice, by contrast, has never been derived from the Sixth Amendment's purpose of ensuring a fair trial. It has been regarded as the root meaning of the constitutional guarantee. Where the right to be assisted by counsel of one's choice is wrongly denied, therefore, it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received. To argue otherwise is to confuse the right to counsel of choice – which is the right to a particular lawyer regardless of comparative effectiveness – with the right to effective counsel – which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed.

*Id.* at 147-48 (citations and footnote omitted). The Supreme Court held that "erroneous deprivation of the right to counsel of choice, with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as structural error," where ""[d]ifferent attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument." *Id.* at 148 (internal quotation marks omitted). "And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to trial." *Id.*; *accord Kaley v. United States*, 134 S. Ct. 1090, 1102-03 (2014) (describing the "vital interest at stake" in "the constitutional right to retain

-8-

counsel of their own choosing," as described in *Gonzalez-Lopez*, 548 U.S. at 146-48,150, and explaining that, for defendants, "having the ability to retain the counsel [they] believe[] to be best – and who might in fact be superior to any existing alternatives – matters profoundly" (internal quotation marks omitted)).

But, the Supreme Court made clear, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them," and "[n]othing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them." *Gonzalez-Lopez*, 548 U.S. at 151. Accordingly, a defendant may not "insist on representation by a person who is not a member of the bar, or demand that a court honor his waiver of conflict-free representation." *Id.* at 151-52. And, the Court continued,

> [w]e have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar. The court has, moreover, an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.

*Id.* at 152 (internal quotation marks and citations omitted).

Following *Gonzalez-Lopez*, the Fifth Circuit explained in a case in which a defendant complained of the denial of her request, thirteen days before trial, to replace her appointed counsel with retained counsel of her choice, that "the district court was required to balance [the defendant's] right to counsel of choice against the needs of fairness and the demands of its calendar." *Jones*, 733 F.3d at 587. The Court of Appeals

noted that "the constitutional right to an attorney of one's choice does not require a defendant to make a well informed decision" and that, if the defendant wanted a retained counsel of her choice to represent her, "that request should have been honored unless it was outweighed by the needs of fairness and the court's calendar." *Id.* "Therefore, the inquiry into [the defendant's] motivation for her request for a different attorney is more appropriately analyzed as part of the needs of fairness inquiry." *Id.*

As to "the needs of fairness," the Fifth Circuit concluded that "there are several reasons why the needs of fairness cut against allowing a substitution in this case. First, the district court found that allowing [retained counsel] to substitute in as counsel would have required a continuance, and the government articulated specific ways it would be prejudiced by such a continuance"; "[s]econd, the district court asked [the defendant] why she was dissatisfied with [the appointed counsel's] representation and determined that her concerns about [the appointed counsel] were suppositional and not based on anything of a factual nature"; "[t]hird, considering the protracted nature of the [] case, [the defendant] waited until late in the case to request the substitution"; and "[f]ourth, the district court was concerned that a continuance could compromise the availability of a key witness [] who had been in and out of the hospital." *Id.* at 587-88 (citations and internal quotation marks omitted). "After considering the circumstances surrounding [the defendant's] motion to substitute, [the Court of Appeals found] that the needs of fairness cut against allowing a substitution." *Id.* at 588.

The Fifth Circuit further explained that, "[a]t the substitution hearing, the

district court explained that it was persuaded that a substitution of counsel would necessitate a continuance due to the vast quantity of material a new attorney would need to review. Furthermore, the Court explained that it would be several months before it could try the case if it were continued." *Id.* The Court of Appeals explained that an "anticipated several month delay in this case is distinguishable from the 'month or so' delay contemplated" in a decision on which the defendant relied. *Id.* at 589. The Fifth Circuit stated that it "will refrain from critiquing the needs of the district court's calendar with the benefit of hindsight"; that, "[a]t the time the district court was evaluating the motions to substitute, it determined that the substitution would require a several month continuance"; and that, "[t]hus, the demands of the court's calendar weighed heavily against granting the substitution." *Id.*

The Court of Appeals held that the defendant "had a constitutional interest in the counsel of her choice, which the district court was required to balance against the needs of fairness and its schedule," and that "[w]e agree with the district court that the balance of factors weighed against granting the substitution in this case." *Id.*[1]

---

[1] *See also United States v. Davis,* ___ F. App'x ___, No. 15-20098, 2016 WL 4087219, at *2 (5th Cir. Aug. 1, 2016) ("The district court has 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.' *United States v. Gonzalez-Lopez,* 548 U.S. 140, 152 (2006) (citation omitted). .... Martin challenges the district court's denial of his motion to substitute counsel and for a continuance. Martin moved to substitute counsel and for a continuance over a year and a half after being indicted, after six prior trial continuances (four of which Martin had requested), and only eleven days before trial. Martin's motion to substitute counsel was contingent on the granting of a continuance to allow new counsel time to prepare and because new counsel had a conflicting trial obligation in another case. The district court properly considered the substantial costs in allowing substitution of counsel, the lateness of Martin's request, and the demands of the district court's

Similarly, the Fifth Circuit has found no abuse of discretion where a district court denied a defendant's "attempt to dismiss his retained attorney in the week before the sentencing hearing" and asserted on appeal that this denial "violated his Sixth Amendment right to be represented by counsel of his choice" and "that a continuance to allow him to hire new counsel would not have interfered with the effective administration of the district court because his case was on the docket for only five months and he was able to retain his first attorney quickly." *United States v. Carrillo*, 430 F. App'x 325, 326-27 (5th Cir. 2011). The Court of Appeals concluded under the particular facts in that case that the defendant had "not shown that his right to choose retained counsel outweighed 'the higher interest of the effective administration of the courts.'" *Id.* at 327 (quoting *United States v. Nolen*, 472 F.3d 362, 375 (5th Cir. 2006)

---

calendar. All of these factors weighed heavily against allowing a last-minute substitution of counsel, which would have required a seventh trial continuance causing a delay of several more months. We conclude that the district court did not abuse its discretion in denying Martin's motion to substitute counsel and for a continuance." (citation omitted)); *United States v. Pineda Pineda*, 481 F. App'x 211, 212 (5th Cir. 2012) ("At the beginning of Pineda's sentencing hearing, he moved to allow an attorney retained by him to substitute for his appointed counsel and for a continuance of the sentencing hearing to allow the new attorney time to prepare. .... In denying Pineda's motions, the district court reasoned that they were not made until the day of the sentencing hearing, the newly retained attorney was not prepared to proceed without a continuance, the case had been going on for a very long time already, Pineda presented no basis why his appointed counsel would not be suitable to proceed at the sentencing hearing, there would be a disruption to the Government given its arrangements for the appearance of witnesses and preparation for the hearing, and there would be a disruption to the court's docket given that the court had set aside the entire afternoon in preparation for the lengthy sentencing hearing. Based on our review of the record, the district court did not exceed the wide latitude afforded to it in balancing Pineda's limited right to counsel of his choice against the burdens of a continuance." (internal quotation marks omitted; citing *Gonzalez-Lopez*, 548 U.S. at 151-52)).

(internal quotation marks and citation omitted)).

As to Defendant's request for appointment of substitute counsel, the Criminal Justice Act, 18 U.S.C. § 3006A (the "CJA"), requires the Court to appoint counsel to represent a defendant who is financially unable to obtain counsel but also requires the Court to make an appropriate inquiry into a defendant's financial status to determine whether the defendant is entitled to appointed counsel. *See United States v. Mason*, 480 F. App'x 329, 335 (5th Cir. 2012). "The burden rests with the defendant" – who, here, has been represented by retained counsel for several years – "to establish insufficient financial means to employ counsel." *United States v. Foster*, 867 F.2d 838, 841 (5th Cir. 1989) (footnote omitted). The CJA provides, in relevant part, that, "[i]f at any stage of the proceedings ... the court finds that the [defendant] is financially unable to pay counsel whom he had retained, it may appoint counsel ... as the interests of justice may dictate." 18 U.S.C. § 3006A(c); *see also Foster*, 867 F.2d at 841 (explaining that the CJA "requires that a court appoint counsel to represent a defendant who has not waived his right to counsel and who is financially unable to obtain counsel"). But 18 U.S.C. §§ 3006A(c) and 3006A(f) further provide, in part:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate.
> ...
> Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney,

to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. Except as so authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.

## Analysis

Here, Defendant's retained counsel has moved to withdraw because Defendant has fired them, and Defendant then requested appointment of counsel – whose identity he understands will be determined by the Court – after reporting that he has discharged his retained counsel. At the hearing, Mr. Greene made clear that he is not in a position to come on as retained counsel and that Defendant does not have the financial means to pay his fee to do so.

Thus, "unlike the defendant in *Gonzalez-Lopez*, [where Defendant seeks] to have his retained counsel removed from the case and [is] not seeking to be represented by any particular retained attorney," it is not clear under Fifth Circuit law that *Gonzalez-Lopez* is applicable to this case. *See United States v. Thomas*, No. 08-30372, 2008 WL 5069709, at *1 (5th Cir. Dec. 2, 2008) (concluding, under similar circumstances where the defendant "merely contends that he was entitled to new appointed counsel because he was dissatisfied with the services of retained counsel," that "*Gonzalez-Lopez* is not applicable to the instant case"). That is, the Fifth Circuit apparently has not addressed, in any (non-vacated) published opinion, *Gonzalez-Lopez* in the context of the issue of whether a defendant, without a showing of good cause, "may discharge his retained counsel without regard to whether he will later request

-14-

appointed counsel." *United States v. Jimenez-Antunez*, 820 F.3d 1267, 1271 (11th Cir. 2016) (citing and discussing *United States v. Brown*, 785 F.3d 1337 (9th Cir. 2015)); *but see United States v. Mason*, 668 F.3d 203, 212-15 (5th Cir.) (holding, based on *Gonzalez-Lopez*, "that, pursuant to the Sixth Amendment right to choice of counsel, a criminal defendant is not required to show good cause to substitute appointed for retained counsel, provided of course that he can establish financial eligibility," but "recogniz[ing] that the Sixth Amendment right to choice of counsel is qualified, not absolute," where "[t]he Supreme Court has held that a defendant may not insist on representation by a non-attorney or an attorney disqualified by a conflict of interest, and that a trial court may balance the right to choice of counsel against the needs of fairness and the demands of its calendar"), *opinion withdrawn and superseded*, 480 F. App'x 329 (5th Cir. 2012).

The United States Court of Appeals for the Eleventh Circuit – following *Gonzalez-Lopez*, Fifth Circuit case law that is also binding in that jurisdiction, or Eleventh Circuit case law that itself ultimately follows Fifth Circuit case law – has provided the following analysis on this question:

> Under the Sixth Amendment, a defendant who does not require appointed counsel enjoys both the right to effective assistance of counsel and the right to choose who will represent him. The right to select counsel of one's choice ... has been regarded as the root meaning of the constitutional guarantee. A defendant may substitute a retained or appointed counsel with retained counsel regardless of the quality of the representation he received. The right to counsel of choice is not absolute but must bend before countervailing interests involving effective administration of the courts. A court must permit substitution if it does not interfere with the fair, orderly and effective administration of the courts. The denial of the right to counsel of choice is structural error.

An indigent criminal defendant who seeks appointed counsel does not have a right to have a particular lawyer represent him nor to demand a different appointed lawyer except for good cause. Good cause exists where there is a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict. The exception for good cause protects the right to effective assistance of counsel; if good cause exists, a defendant no longer has effective representation.

This appeal requires that we decide which standard applies when a defendant moves to replace retained counsel with appointed counsel. And the order of that sequence supplies the answer. The right to choose counsel is incomplete if it does not include the right to discharge counsel that one no longer chooses.

A defendant exercises the right to counsel of choice when he moves to dismiss retained counsel, regardless of the type of counsel he wishes to engage afterward. To be sure, when an indigent defendant has exercised the right to dispense with a retained lawyer, the right to effective representation – a right derived ... from the purpose of ensuring a fair trial – might require that appointed counsel take his place. But that distinct right does not alter the right under the Sixth Amendment to hire and fire retained counsel. Because a defendant who moves to dismiss his retained counsel maintains the right to counsel of choice, a district court cannot require the defendant to show good cause.

We agree with those courts that have held that a defendant may discharge his retained counsel without regard to whether he will later request appointed counsel. In *United States v. Brown*, 785 F.3d 1337 (9th Cir. 2015), the Ninth Circuit stated that when a defendant wishes to discharge retained counsel and substitute appointed counsel, the right to counsel of one's choice is implicate[d]. Even though the defendant was not entitled to, or seeking, counsel of choice, the Sixth Amendment right to counsel of choice means that a defendant has a right to fire his retained ... lawyer ... for any reason or [for] no reason. Accordingly, the Ninth Circuit concluded that a defendant with retained counsel seeking to substitute appointed counsel has a Sixth Amendment right to discharge his retained counsel. It held that a district court should grant a defendant's motion to discharge a retained counsel unless denying the motion is compelled by purposes inherent in the fair, efficient and orderly administration of justice. The Court of Criminal Appeals of Oklahoma and the Supreme Court of California have also held that a defendant who seeks to discharge retained counsel and have the court appoint counsel may do so unless the substitution would delay court proceedings, prejudice the parties, or disrupt the orderly process of justice. Several state intermediate courts have adopted similar approaches.

-16-

We reject the view of the First Circuit, which applied the standard of good cause in this circumstance. In *United States v. Mota-Santana*, 391 F.3d 42 (1st Cir. 2004), the First Circuit explained that a district court had taken two actions when it refused to allow the retained counsel to withdraw and it refused to appoint substitute counsel. Were the only issue that of the appropriateness of the court's refusal to permit withdrawal, the First Circuit reasoned, there might be some question because a defendant is not ordinarily dependent on the court's permission to replace retained counsel. But here, the court concluded, the two actions merge. The opinion of the First Circuit offers no additional reasoning and we are not persuaded that the only relevant action is the second request to engage new counsel or that the motion to dismiss retained counsel no longer implicates the right to counsel of choice. This decision conflates the two rights at issue, contrary to the later explanation by the Supreme Court of the United States in *Gonzalez-Lopez* that the rights are distinct.

To be sure, a district court reviewing a motion to dismiss counsel must know how the defendant wishes to proceed so that the defendant will not be left without representation in violation of the Sixth Amendment. The Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel. So, before granting a motion to dismiss retained counsel, a district court must determine that the criminal defendant either will be represented by counsel or has made a knowing and voluntary waiver of the right to counsel. If a defendant intends to move the court to appoint counsel, the court should determine whether the defendant is eligible for appointed counsel.

Even when a district court is assured that a defendant will have representation or has waived the assistance of counsel, a court may still deny a motion to substitute retained counsel if it will interfere with the fair, orderly, and effective administration of the courts. For example, a defendant may not substitute counsel to delay court proceedings. Under this standard, a court reviewing a motion to dismiss retained counsel by a defendant who intends to request appointed counsel can prevent potential manipulation.

*Jimenez-Antunez*, 820 F.3d at 1270-72 (citations and internal quotation marks omitted).

But, in a published decision issued a few months before this Eleventh Circuit decision, the Fifth Circuit held – without citing or addressing *Gonzalez-Lopez* – that,

-17-

where a defendant sought to have his retained counsel withdrawn and to have counsel appointed, "the district court was not required to make a financial inquiry under the CJA and the court did not abuse its discretion in finding good cause did not exist for appointment of new counsel." *United States v. Austin*, 812 F.3d 453, 454 (5th Cir. 2016). The Court explained the background of that appeal:

> Stokley Austin retained Alden Netterville as his attorney after a grand jury indicted him on numerous gun and drug charges. Netterville represented Austin throughout the pretrial stage of the proceedings. Eventually, after three attempts at a plea, Austin pled guilty to all charges without a plea agreement on September 22, 2014.
>
> On December 19, 2014, Austin wrote to the district court expressing his "concern and discontent concerning my representation." Austin said that Netterville "failed to file any pre-trial motions on my behalf in preparation for my defense." Also, Austin "never received any discovery regarding the 18 U.S.C. 924(c) count in the indictment[,]" and the information Austin "received relating to the conspiracy count was extremely limited." Finally, Austin explained that he was "asking the court to appoint new counsel as [he] has exhausted all of [his] resources."
>
> This letter prompted Netterville to file a motion to withdraw stating: "allegations contained in [Austin's] letter ... make further representation by [him] untenable." The district court issued an order that denied Netterville's motion to withdraw explaining "discontent with counsel does not warrant withdrawal." The order did not address Austin's request for appointed counsel.
>
> The district court then proceeded to hold a sentencing hearing. At the hearing, the court again addressed Netterville's earlier motion to withdraw. The court stated that it denied the motion "[b]ecause I did not see a basis for what I would assume [was] any attempt by [Austin] to either withdraw his guilty plea or to try to change anything regarding that plea." Furthermore, the court said: "I already got your letter. Your letter has no basis to have him withdraw. I've already made that decision. If I understand your objections, they're rather general." The court then sentenced Austin within the guidelines and pursuant to statutory minimums to a total of 300 months, followed by a ten-year term of supervised release.
>
> After imposing its sentence, the district court granted a second motion to withdraw made by Netterville. It then told Austin that he had a right to appeal, and also had a right to appointed counsel on appeal.

> Austin timely filed a notice of appeal, did not file a motion seeking appointment of counsel, and did not file a motion to proceed in forma pauperis. Instead, he paid the appellate filing fee in full and retained counsel.

*Id.* at 454-55 (footnotes omitted).

On appeal, "Austin argue[d] that the district court erred in failing to inquire into his financial eligibility for appointed counsel under the CJA, and the court erred in denying counsel's motion to withdraw because good cause existed." *Id.* at 455. The Court of Appeals held that "Austin had already retained counsel and therefore could not allege that he lacked the funds to obtain a lawyer"; that "Austin does not state in his letter that he either owed money to Netterville or that he could not pay Netterville any sum that was owed"; and that, "[a]ccordingly, Austin did not show that he was qualified for counsel pursuant to the CJA." *Id.* at 456.

The Fifth Circuit panel also held that, although "Austin also argues that the district court erred in refusing to allow him to substitute counsel," "a defendant does not have an absolute right to the counsel of his choice"; "[i]nstead, good cause must exist for the withdrawal of counsel." *Id.* (footnotes omitted; citing *United States v. Paternostro*, 966 F.2d 907, 912 (5th Cir. 1992) ("The Sixth Amendment requires only that a defendant be given a fair or reasonable opportunity to obtain particular counsel; it does not guarantee an absolute right to the counsel of one's choice."); *Wild*, 92 F.3d at 307 ("When filing a motion to withdraw, an attorney should provide a detailed explanation of the reasons why he believes that 'good cause' exists for him to withdraw as counsel."); *Wynn*, 889 F.2d at 646 ("An attorney may withdraw from representation

only upon leave of the court and a showing of good cause and reasonable notice to the client."). The Court of Appeals held that

> Austin made no showing that the district court abused its discretion by denying Netterville's motion to withdraw. Austin did not show why the facts justified counsel filing a pre-trial motion or any specific information that he expected counsel to provide him for review. Moreover, Austin does not articulate any conflict of interest which Netterville might have possessed. The district court was in the best position to evaluate counsel's performance and rejected Austin's argument. Thus, there is no basis for us to determine that the district court abused its discretion in denying Austin's motion to replace his counsel.

*Id.*

The Fifth Circuit in *Austin* appears to conclude that, where a defendant seeks to have his retained counsel withdrawn and have substitute counsel appointed to replace his counsel of his choice, good cause must be shown for the withdrawal and substitution. This, like the earlier unpublished decision in *Thomas*, 2008 WL 5069709, stands in contrast to the Fifth Circuit's earlier holding in *Jones*, based on *Gonzalez-Lopez*, that, where a defendant seeks to have appointed counsel replaced with retained counsel of his choice, even if a district court does "not share [the defendant's] concerns about [her appointed counsel], the constitutional right to an attorney of one's choice does not require a defendant to make a well informed decision" and that, where a defendant wants retained counsel to represent her, "that request should [be] honored unless it [is] outweighed by the needs of fairness and the court's calendar." 733 F.3d at 587.[2]

_____

[2] *See also Carrillo*, 430 F. App'x at 326-27 (addressing a request to dismiss retained counsel and obtain a continuance to hire a different retained counsel under the

Defendant seeks to first discharge his retained counsel and then to have counsel appointed. As the Court found at the hearing after discussing with Defendant his financial eligibility and reasons for discharging his current retained counsel, under the particular circumstances here, the Court determines, in an exercise of its discretion, that Defendant should be permitted to discharge his retained counsel and have counsel appointed to substitute as attorney of record. Under the circumstances, Defendant has the right to discharge his retained counsel – and his current retained counsel has, correspondingly, good cause to withdraw based on that discharge – unless this exercise of the right to counsel of choice is outweighed by the higher interest of the effective administration of the courts, including the needs of fairness and the court's calendar.

Here, the government does not oppose the requested substitution of counsel. And, while a continuance of sentencing will certainly be requested to facilitate the substitution of counsel, and while this case has been pending for an unusually long

---

framework of whether the defendant's right to choose retained counsel outweighs the higher interest of the effective administration of the courts); *United States v. Loving*, 254 F.3d 71 (table), No. 00-50050, 2001 WL 502803, at *4 (5th Cir. Apr. 27, 2001) (where the defendant argued on appeal "that he was denied his Sixth Amendment right to counsel of his choosing, because the district court refused to allow [his] attorney to withdraw after [he] fired him" and "that the district court's failure to grant him a continuance to obtain new counsel was a denial of due process," holding that "the Sixth Amendment does not guarantee him the absolute right to the counsel of his choice" and that, "[b]ecause granting the motion to withdraw on the morning the trial was scheduled to begin would have resulted in significant delays, the district court did not abuse its discretion in denying the motion to withdraw"); *compare United States v. Rincon*, 223 F. App'x 331, 331-32 (5th Cir. 2007) (holding that "*Gonzalez-Lopez* is not applicable to the instant case," where the defendant "enjoyed the services of appointed counsel," "*Gonzalez-Lopez* clearly distinguishes itself from situations involving appointed counsel," and where the defendant does not "assert that she was deprived counsel of her choice").

time with several continuances of the sentencing hearing already, the Court finds, under the particular circumstances presented here, that the balance of relevant factors does not weigh against granting the withdrawal of retained counsel in an exercise of Defendant's right to counsel of choice and then permitting Defendant to seek appointment of counsel.

Accordingly, the Court grants Mr. Gordon and Mr, Newland's request for leave to withdraw and ORDERS that Jeremy B. Gordon and Zachary Newland are granted leave to withdraw as counsel for Defendant Anthony Harrison Bell and are discharged from any further responsibilities in this case and that Douglas C. Greene is substituted as retained counsel and attorney of record for Defendant Anthony Harrison Bell going forward in this case.

The Court further finds that Defendant Anthony Harrison Bell is entitled to appointed counsel to represent him in this case going forward. The Court finds that Defendant, through submission of a financial affidavit and other information at the hearing, has made a sufficient showing that he is financially unable to further pay counsel who had been retained (and have now been discharged) and is financially unable to obtain other counsel to represent him and that appointment of counsel for Defendant is in the interests of justice.

Accordingly, the Court appoints the following attorney, pursuant to Title 18, United States Code, Section 3006A, to represent Defendant Anthony Harrison Bell going forward:

Darren Hatch

Reagan McLain & Hatch, LLP
White Rock Tower, Suite 300
6510 Abrams Road
Dallas, Texas 75231
(214) 691-6622, ext. 108
(214) 691-2984 (fax)
darren@reaganmclain.com

The Clerk of the Court is directed to serve a copy of this order on Mr. Hatch by email and first-class mail.

## Conclusion

The Court GRANTS the Unopposed Motion for Leave to Withdraw as Counsel of Record [Dkt. No. 986] and the Motion to Appoint Counsel [Dkt. No. 990] and DENIES the Motion to Substitute Counsel [Dkt. No. 993].

SO ORDERED.

DATED: September 19, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE